# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4030

_____

| | | |
|---|---|---|
| Lamb Engineering & Construction Co. | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska |
| | * | |
| Nebraska Public Power District, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:   May 11, 1998

Filed:   June 3, 1998

_____

Before McMILLIAN, ROSS and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Lamb Engineering & Construction Co. ("Lamb"), the plaintiff below, appeals from a final judgment entered in the United States District Court[1] for the District of

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

Nebraska awarding Lamb $170,000.00 plus interest, upon a joint stipulation by Lamb and Nebraska Public Power District ("NPPD"), the defendant below.  Lamb Eng'g & Constr. Co. v. Nebraska Pub. Power Dist., No. 4:CV94-00029 (D. Neb. Oct. 8, 1997) (judgment upon joint stipulation).  For reversal, Lamb argues that the district court exceeded this court's mandate from a prior appeal in imposing certain limitations on the issues to be retried and abused its discretion in denying Lamb leave to amend the complaint to restate its breach of contract claim on remand.  Upon careful review, we affirm the judgment of the district court.

Jurisdiction was proper in the district court based upon 28 U.S.C. § 1332.  Jurisdiction is proper in this court based upon 28 U.S.C. § 1291.  Lamb filed a timely notice of appeal pursuant to Fed. R. App. P. 4(a).

This case previously came before us on appeal from a final judgment entered upon a jury verdict.  We affirmed in part, reversed in part, and remanded the case to the district court for a new trial on damages.  Lamb Eng'g & Constr. Co. v. Nebraska Pub. Power Dist., 103 F.3d 1422, 1437 (8th Cir. 1997).  On remand, upon consideration of motions filed by Lamb, the district court denied Lamb leave to amend its complaint and limited the issues to be considered by the jury on retrial.  Id. (D. Neb. July 2, 1997); id. (Sept. 15, 1997).  Thereafter, Lamb and NPPD jointly stipulated that the amount of damages to which Lamb would be entitled in accordance with the district court's orders denying Lamb leave to amend the complaint and limiting the issues for retrial was $170,000.00 plus interest, but Lamb expressly reserved the right to appeal the district court's orders.  Following the district court's entry of judgment upon the joint stipulation, Lamb appealed.

Under the law of the case doctrine, the district court was bound on remand to obey the Eighth Circuit's mandate and not to re-examine issues already settled by our prior panel opinion.  See, e.g., Bethea v. Levi Strauss & Co., 916 F.2d 453, 456-57 (8th Cir. 1990).  The district court's limitation of the issues for retrial was entirely consistent

with our prior panel opinion in the present case. Likewise, under the law of the case doctrine, the district court could not permit Lamb to amend the complaint to expand its breach of contract claim in the manner Lamb sought on remand. The district court's denial of leave was not an abuse of discretion under the circumstances of this case. The judgment of the district court is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.