David PEDERSON, Trustee, Plaintiff,

v.

UNITED STATES of America, By and Through FARM SERVICES AGENCY; Curtis State Bank, A Nebraska Banking Corporation; and Concept Leasing, Inc., a Nebraska Corporation, Defendants.

No. 7:99CV3039.

United States District Court, D. Nebraska.

Dec. 22, 1999.

---

**11.** The Court notes that the circuits are not in agreement as to whether Title IX provides an independent private cause of action for discrimination in educational employment. The Eighth Circuit Court of Appeals has never directly addressed this issue. As in *Brine v. University of Iowa*, 90 F.3d 271, 276 (8th Cir.1996), defendant does not challenge the proposition that a private right of action exists under Title IX. Consequently, this Court will not address this issue at this time. However, for a thorough review of this issue, see Judge Catherine D. Perry's memorandum and order, dated January 5, 1998, in *Amine v. St. Louis University*, Cause No. 4:97CV246CDP.

**12.** Even if plaintiff's MHRA claim were not time-barred, it would still fail for the same reasons as the Court stated with regard to plaintiff's Title VII claim. The same analysis is applicable to both Title VII and MHRA claims. *Kehoe v. Anheuser–Busch*, 96 F.3d 1095, 1101, n. 8 (8th Cir.1996); *Lane v. Ground Round*, 775 F.Supp. 1219, 1223 (E.D.Mo.1991).

David W. Pederson, Murphy, Pederson Law Firm, North Platte, NE, pro se.

Sally R. Johnson, Assistant United States Attorney, Lincoln, NE, Mark R. McKeone, Hart Law Office, Cozad, NE, Keith A. Harvat, Murphy, Pederson Law Firm, North Platte, NE, for defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

Some background is needed to provide a context within which to decide the motions for summary judgment presently before me (filings 31 and 37). The United States of America, Concept Leasing, Inc., and the Curtis State Bank each claim they have a lien on the same real property: approximately nine acres located in Frontier County, Nebraska. Plaintiff, the trustee under a deed of trust to Concept Leasing, foreclosed and sold the nine-acre tract at auction pursuant to a deed of trust covering the property. By agreement of the parties to this suit, the proceeds of the sale of real property have been placed in escrow. Plaintiff's suit seeks a declaratory judgment (1) that Plaintiff is authorized to distribute funds to himself in payment of reasonable fees and expenses for his services as Trustee, including services ren-

dered in bringing this action; (2) as to "[t]he nature and order of the priorities of the liens of the defendants;" and authorization for Plaintiff to distribute funds representing the proceeds of the sale in accordance with the Court's order in certain amounts to certain parties. (Filing 2.) The case is set for the February, 2000 North Platte term.

Two motions for summary judgment are before me. Defendant Concept Leasing Inc. has filed a motion for summary judgment (filing 31), alleging that there is no issue of material fact as to whether its lien on the real estate proceeds is superior to all liens except any lien claimed by Frontier County and any remaining lien of the Curtis State Bank. (Br. of Concept Leasing in Supp. of Mot. for Summ. J. at 2.) The United States has also filed a motion for summary judgment, seeking entry of a judgment finding that its lien on the real estate proceeds is superior to the liens claimed by any other defendant. Curtis State Bank has not filed briefs in connection with these motions, nor has it filed its own motion for summary judgment.

### I. Standard for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir.), *cert. denied*, 513 U.S. 929, 115 S.Ct. 319, 130 L.Ed.2d 280 (1994). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir.1997), *cert. denied*, 523 U.S. 1004, 118 S.Ct. 1186, 140 L.Ed.2d 316 (1998). *See also Reierson v. Resolution Trust Corp.*, 16 F.3d 889, 891 (8th Cir.1994).

In order to withstand a motion for summary judgment, the nonmoving party must

substantiate its allegations with " 'sufficient probative evidence [that] would permit a finding in [its] favor on more than mere speculation, conjecture, or fantasy.' " *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir.1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992), *cert. denied*, 507 U.S. 913, 113 S.Ct. 1265, 122 L.Ed.2d 661 (1993)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* The non-moving party must establish a genuine dispute as to *material* fact to avoid a grant of summary judgment. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Essentially, the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505.

## II. Concept Leasing's Motion for Summary Judgment

■ Concept Leasing has not carried its burden of proving that there are no genuine issues of material fact and that it is entitled to a judgment as a matter of law. Concept Leasing has neither proved the existence of its lien nor the amount and priority thereof. For instance, the only evidence of the property allegedly covered by Concept Leasing's lien is the deed of trust attached to the petition (filing 1) and referenced in Concept's answer (filing 5), which contains the following description of property subject to the instrument: "A TR. SE1/4NW1/4 29-8-28 9A CURTIS PRECINCT" located in Frontier County, Nebraska. This description is totally devoid of any specification as to which tract of land is subject to the deed of trust. This description, standing alone, is insufficient to establish a lien. *See Haines v. Mensen*, 233 Neb. 543, 547, 446 N.W.2d 716, 719 (1989) (citing with approval *Rupert v. Penner*, 35 Neb. 587, 53 N.W. 598 (1892) which held that "when the legal description at issue referred to an unspecified, undivided quarter of Section 16," because "the precise quarter of Section 16 was not stated, the description was so descriptive and imperfect that nothing passed by that writing.") (also noting that the deed in *Rupert* was saved by reference to another instrument).

■ This failure of proof as to the existence, amount and priority of Concept Leasing's alleged lien, standing alone, would prevent me from granting summary judgment to Concept Leasing. *See West Town Homeowners Ass'n v. Schneider*, 231 Neb. 100, 103, 435 N.W.2d 645, 648 (1989) (in a foreclosure suit, mortgagee must prove "existence of mortgage lien, the amount and priority thereof, default, and the right to a decree directing sale of the proceeds in satisfaction thereof.") There are other genuine issues of material fact preventing a grant of summary judgment in favor of Plaintiff. Though Plaintiff seeks authority to distribute funds to himself in payment of Trustees' fees and expenses, Plaintiff has presented no evidence as to the amount or propriety of those expenses. Plaintiff also seeks a declaratory judgment as to the extent and order of priorities of the liens of the defendants, together with an order authorizing Plaintiff to distribute funds from the proceeds of the sale of the nine acres in specified amounts to specified parties. Yet there is no evidence before me as to (a) the validity of or extent of liens claimed by Concept Leasing or the Curtis State Bank or (b) the amount or priority of the tax lien which Concept Leasing asserts that Frontier County holds (and Frontier County is not a party to this case). I cannot enter an order directing the payment of specific dollar amounts to the defendants without determining the amount and priority of all liens on the real estate proceeds. Accordingly, I will deny Concept Leasing's motion for summary judgment (filing 31).

### III. United States' Motion for Summary Judgment

The United States has also filed a motion for summary judgment (filing 37). It is actually a motion for partial summary judgment, as it seeks only a determination that the United States' lien is superior to that of the other two defendants.

The dispute between Concept Leasing and the United States is a dispute as to whether the legal description in the mortgages under which the United States claims a lien includes the nine-acre property which was sold to produce the proceeds held in escrow pending the determination of this case. Concept Leasing claims that the nine acres were not included in the legal descriptions. The United States claims that they were, and that as between the defendants in this case, it has priority.

### A. Did the 1991 and 1995 Mortgages Provide Constructive Notice to Subsequent Creditors of the United States' Interest?

 Nebraska has a race-notice recording statute. Neb.Rev.Stat.Ann. § 76–238 (Lexis 1995). Under this statute, a recorded deed or mortgage is effective from the time it is recorded with the register of deeds "as to all creditors and subsequent purchasers in good faith without notice. . . ." *Id.* Put another way, "[i]n order for a subsequent party to prevail in a race-notice jurisdiction, he must be both a bona fide purchaser for value without notice of the prior interest and record first." Ralph E. Boyer, et. al., *The Law of Property: An Introductory Survey* 598 (4th ed.1991) (hereinafter *The Law of Property*). Subsequent purchasers or encumbrancers have constructive notice of the contents of a recorded deed or mortgage, and this notice prevents any subsequent purchaser or encumbrancer from being a bona fide purchaser. *Id.* "Constructive notice is notice implied by law and is not dependent on actual notice or notice of facts from which knowledge of an unrecorded instrument would be implied. Constructive notice is a rule of law." *Id.*

The United States claims a lien on the proceeds which are the subject of this suit pursuant to a mortgage filed July 5, 1991 (filing 38, ex. B) and a mortgage filed June 20, 1995 (filing 38, ex. F). Both the 1991 and 1995 mortgages contain this language:

> AND the following described tract: A tract of land in the SE1/4NW1/4 of Section 29, Township 8 North, Range 28, Frontier County, Nebraska, containing approximately 9 acres, more or less described as follows: Commencing at the Northeast corner of the SE1/4NW1/4 of Section 29 aforesaid, thence west on the quarter quarter line a distance of 500 feet; thence South at right angles, a distance of 750 feet; thence East at right angles, a distance of 500 feet; thence North at right angles, a distance of 750 feet, to the place of beginning. . . .

The parties refer to the tract described above as the nine-acre tract. The dispositive issue is whether the 1991 and 1995 mortgages, containing this legal description of the nine-acre tract, give constructive notice to subsequent purchasers or encumbrancers that the United States has a lien on this nine-acre tract.

### B. Interpretation of the Legal Descriptions in the Mortgages

#### 1. Question of Law, not a Question of Fact

The United States asserts that if I find the legal description of the real property encumbered by the 1991 and 1995 mortgages to be ambiguous, then there is a question of fact which precludes the entry of summary judgment. (Br. in Opp. to the M. for Summ. J. filed by Concept Leasing and in Supp. of the United States' Mot. for Summ. J. at 6). Concept Leasing asserts that if I find the legal description ambiguous, I must construe the ambiguity against the drafter (the United States). The parties mischaracterize the decisions I must make in determining the legal effect of the

legal description of the nine-acre tract in question.

■ The question whether the 1991 and 1995 mortgages give notice to subsequent purchasers or encumbrancers that the United States has a lien on the nine-acre tract is a question of law, not a question of fact. *See The Law of Property, supra,* at 598 ("Constructive notice is notice implied by law and is not dependent on actual notice or notice of facts from which knowledge of an unrecorded instrument would be implied. Constructive notice is a rule of law.") Though the Nebraska courts have held that "[t]he rules governing interpretation of contracts are applicable to mortgages," *County of Keith v. Fuller,* 234 Neb. 518, 526, 452 N.W.2d 25, 31 (1990), they have not done so in the context of determining whether the legal description of real property encumbered by a mortgage was sufficient to give notice to subsequent purchasers (for instance, *County of Keith* involved the question whether a mortgage secured future advances).

Though there is no law directly on point, review of state court decisions indicates that the question whether a writing is sufficient to give constructive notice is a question of law. *See Purbaugh v. Jurgensmeier,* 240 Neb. 679, 483 N.W.2d 757 (1992) (as a matter of law, adding the initials P.R. after personal representative's signature on real estate contract were insufficient to place purchasers of real estate on notice of representative capacity and to relieve representative of personal liability); *Lee v. City of Pine Bluff,* 289 Ark. 204, 210, 710 S.W.2d 205, 208 (1986) (statute contained requirement that annexation ordinance contain an accurate description of lands desired to be annexed; argument regarding sufficiency of legal description of the land under this statute was a question of law). However, the question whether a subsequent purchaser or encumbrancer had actual notice of a fact is a question of fact. *See Mid–America Dairymen, Inc. v. Newman Grove Co-op.*

*Creamery Co., Inc.,* 191 Neb. 74, 76, 214 N.W.2d 18, 21 (1974) (case was tried upon stipulated facts, including the fact that secured creditor's address was listed merely as "Omaha, Nebraska," and court noted that "[t]he only issue is one of law pertaining to the legal effect that the filing of the chattel mortgage [considered as a financing statement] ... has upon a subsequent purchaser[;]" whether chattel mortgage contained sufficient address of secured creditor to meet requirements for UCC financing statement was question of fact, since an address consisting only of the city and state might suffice in one set of circumstances yet be totally insufficient under another set of facts); *Williston Cooperative Credit Union v. Fossum,* 427 N.W.2d 804 (N.D.1988) (question whether judgment lienor had notice of prior, unrecorded conveyance is a question of fact); *Kamrath v. Gilbert,* 119 Neb. 51, 227 N.W. 148 (1929) (question whether secured party under mortgage had actual notice that mortgagor had interest only as trustee and not in his own right was question of fact).

I conclude that the question whether the 1991 and 1995 mortgages give constructive notice to subsequent purchasers or encumbrancers that the United States has a lien on the nine-acre tract is.a question of law. I find inapposite the line of cases holding that contract questions are questions of law if they are unambiguous and questions of fact if they are ambiguous. *See, e.g., Lamb Engineering & Construction Co. v. Nebraska Public Power Dist.,* 103 F.3d 1422, 1431 (8th Cir.1997), *appeal after remand,* 145 F.3d 996 (8th Cir.1998) (holding that district court erred by submitting contractual termination clause to jury because clause was unambiguous). Determining whether the legal description in a filed mortgage gives constructive notice of a lien to subsequent mortgagees under the Nebraska race-notice recording statute is different from interpretation of a contract.[1]

---

1. For the same reason, I also find inapplicable Concept Leasing's argument that any ambiguity in the legal description must be construed against the drafter.

## 2. The Legal Description

Though the United States claims a lien pursuant to the 1991 and 1995 mortgages, those mortgages must be read in light of the chain of title in which they appear, and the United States also made a 1988 loan secured by a mortgage filed in the real estate records. The loan was in the amount of $165,000, and the legal description of the property encumbered by the 1988 mortgage boils down to these components, in this order: (1) two tracts in Section 19; (2) five tracts in Section 20—two tracts defined solely by the quarter section in which they appear, followed by metes and bounds descriptions of three other tracts; (3) two tracts in Section 29—one entire quarter section of Section 29 and another tract described by a metes and bounds description—with two exceptions (a) the east eleven acres and (b) the nine acre tract (in dispute as later described in the 1991 and 1995 mortgages); and (4) one tract in Section 30.

Specifically, the legal description of the property encumbered by the 1988 mortgage is as follows:

DESCRIPTION: E½NE¼; SE¼; East 560' of W½NE¼ of Sec. 19; W½NW¼; SW¼ Sec. 20, and the following described tracts located in Sec. 20, all in Township 8 North, Range 28 West of the 6th P.M., Frontier County, Nebraska: Referring to the center of said Section 20 as the point of beginning; thence West along an existing fence, 1,324.0 feet to a fence corner post; thence North along an existing fence 2,618.8 feet to a point on the north line of said Section 20, 672.2 feet to a point; thence S0858'E, 1,035.5 feet to a point; thence S4748'E, 419.8 feet to a point; thence S8640'E, 203.4 feet to a point on the east line of the NW¼ of said Section 20; thence South along said east line 1,281.2 feet to the point of beginning, containing 63.70 acres, more or less; AND Referring to the center of said Section 20 as the point of beginning; thence North along the west line of the NE¼ of said Section 20; 1,281.2 feet to a point; thence S8640'E, 118.9 feet to a point;

thence S1259'E, 505.5 feet to a point; thence N8948'E, 223.4 feet to a point; thence S2404'E, 357.1 feet to a point; thence S0130'E, 445.7 feet to a point on the south line of the NE¼ of said Section 20; thence S8900'W, along the south line of the NE¼, 613.0 feet to the point of beginning; containing 12.23 acres, more or less; AND Referring to the center of said Section 20 as the point of beginning; thence S8900'E along the north line of the SE¼ of said Section 20; 613.0 feet to a point; thence S0130'E, 58.7 feet to a point; thence S4302'W, 116.1 feet to a point; thence S0004'E, 482.4 feet to a point, thence S5359'E, 595.5 feet to a point; thence S0321'E, 1,165.3 feet to a point; thence S8742'W, 161.0 feet to a point, thence S0413'E, 449.2 feet to a point on the south line of the SE¼ of said Section 20; thence S8855'W, along said south line of SE¼, 956.6 feet to the SW corner of said SE¼; thence North along the west line of said SE¼, 2,601.2 feet to the point of beginning, containing 52.11 acres, more or less, AND the NW¼ and part of the N½ SW¼ of Section 29 described as follows: Beginning at the west quarter corner of Section 29, thence south on section line 13 chains and 33 links, thence east (VA 11'45") to east line of said quarter section; thence north 13 chains and 33 links to center quarter corner of said section; thence west on quarter section line to place of beginning, containing 53.33 acres, more or less, according to Government Survey, described in Book 8, Page 452, Miscellaneous Records of Frontier County, Nebraska, in the Decree in the matter of the Estate of Oliver Kibben, Deceased; said tract being otherwise described in Book 23, Page 461, Frontier County, Nebraska, as the north one-third of the Southwest Quarter of Section 29, EXCEPT the east 11 acres; AND **EXCEPT** the following described tract: A tract of land in the SE¼NW¼ of Section 29, Township 8 North, Range 28, Frontier County, Nebraska, containing approximately 9 acres, more or less de-

scribed as follows: Commencing at the Northeast corner of the SE¼NW¼ of Section 29 aforesaid, thence west on the quarter quarter line a distance of 500 feet; thence South at right angles, a distance of 750 feet; thence East at right angles a distance of 500 feet; thence North at right angles, a distance of 750 feet, to the place of beginning; AND the NE¼ of Section 30, all in T8N, R28W 6th P.M., Frontier County, Nebraska.

(emphasis added).

The legal description in the 1991 and 1995 mortgages is virtually[2] identical to that of the 1988 mortgage, with one significant exception. The term "EXCEPT" (highlighted above) preceding the description of the nine acre tract is deleted from the 1991 and 1995 mortgages. There are two possible ways to read the 1991 & 1995 legal description, and each possibility results in an inconsistency.

Concept Leasing asserts that the nine-acre tract is not included in the property subject to the lien of the 1991 and 1995 mortgages, for these reasons: (1) it was excluded from the 1988 mortgage, (2) since the nine-acre tract is already within the NW¼ of Section 29 that is included, it would be duplicative and hence inconsistent to interpret the language in question in the 1991 and 1995 mortgages as expressly including the nine-acre tract, and (3) "EXCEPT" was inadvertently omitted from the 1991 & 1995 legal description.

The United States asserts that the nine-acre tract is included in the property subject to the lien of the 1991 and 1995 mortgages, and that Concept Leasing had constructive notice of this lien. I find as a matter of law that this is the correct interpretation. We do not look at the 1991 and 1995 mortgages in isolation, but rather as part of the chain of title. The word "EXCEPT" in the 1988 mortgage clearly excluded the nine-acre tract. The absence of the term "EXCEPT" preceding the de-

scription of the nine-acre tract in the 1991 and 1995 mortgages, added to the fact that the description of the nine-acre tract is set off by a semicolon from the eleven-acre tract that is excluded from the mortgage, indicates that the change from the 1988 mortgage to the subsequent 1991 and 1995 mortgages is intentional rather than inadvertent, and that the nine-acre tract is intended to be included in the lien of the later mortgages. The nine-acre tract had always been treated as a tract separate from the rest of the NW¼ of Section 29. (Moormeier Aff. ¶ 9) (this affidavit, together with all exhibits cited without reference to filing number, are part of filing 38). The loan approval letter and statement of conditions which preceded the 1991 mortgage indicated that the operating loan was approved, subject to the United States (through the Farm Services Agency (FSA)) obtaining liens on additional real estate and personal property. (*Id.* ¶ 7 & Ex. D.) The nine-acre tract was part of the additional collateral.

Under the circumstances, I find it quite plausible that when the United States revised the description of real estate subject to the 1991 and 1995 mortgages it deleted the word "EXCEPT" in an attempt to make it very clear to persons familiar with the 1988 legal description that the previously excluded nine-acre tract was now definitely included. (Remember, any subsequent purchaser or encumbrancer has notice of all recorded instruments in the chain of title.) The alternative was to delete the reference to the nine-acre tract altogether, leaving it to the reader of the 1991 and 1995 mortgages to conclude that the nine acre tract was included simply because the reference to it had been deleted. I conclude that the "double" reference to the nine acres resulted from an effort to *include* the nine acres, rather than an inadvertent omission of "EXCEPT" with an accompanying intent to *exclude* the nine acres. Accordingly I find that the

---

**2.** The 1988 mortgage's "Sec." is "Section" in three instances in the 1991 and 1995 mortgages.

1991 and 1995 mortgages gave constructive notice of the United State's lien on the nine-acre tract.

### C. There are No Material Facts in Dispute as to the United States' Motion for Summary Judgment

The affidavit of Larry Moormeier established all facts necessary to show that the United States is entitled to a judgment finding that its lien on the nine-acre tract is prior to that of either of the other two defendants. *See, e.g., West Town Homeowners Ass'n v. Schneider,* 231 Neb. 100, 103, 435 N.W.2d 645, 648 (1989) (in a foreclosure suit, mortgagee must prove "existence of mortgage lien, the amount and priority thereof, default, and the right to a decree directing sale of the proceeds in satisfaction thereof.")

The United States made a loan to Stencel Ranch, Incorporated and Mark Stencel and Sandra Stencel, individually (collectively, "the Stencels") on June 26, 1991 to restructure an existing indebtedness and provide an additional operating loan. (Moormeier Aff. ¶¶ 5 & 6. This 1991 loan was secured by a mortgage on the nine-acre tract in question as well as other real estate. (*Id.* ¶¶ 7 & 8 and Exs. D, E, & F.) That 1991 mortgage was filed of record on July 5, 1991 in the Register of Deeds of Frontier County, Nebraska. (Ex. F.) The 1991 mortgage specifically provides that, in the event of sale of the real estate security, the lien created by the mortgage transfers to the proceeds of the sale. (Ex. F, p. 2.)

On June 15, 1995, the 1991 indebtedness was restructured, and a real estate mortgage covering the same real estate described in the 1991 mortgage was executed. (Moormeier Aff. ¶¶ 10 & 11 and Ex. I.) The 1995 mortgage, like the 1991 mortgage, covers the proceeds of the sale of any real property which it secures. (Ex. I, p. 2). The 1995 mortgage was filed of record on June 20, 1995. (Ex. I.)

On December 15, 1998, the nine-acre tract was sold at public auction for $85,000. (Moormeier Aff. ¶ 12.) The Stencels have defaulted on the loan secured by the mortgage, and the amount due on the debt secured by the 1991 mortgage is $55,077.19 principal and $2,765.01 interest as of October 5, 1999 (*id.* ¶ 14), together with interest from October 5, 1999, at the rate of $7.54448 per day (filing 6 ¶ 5).

Defendant Concept Leasing claims an interest in the nine-acre tract pursuant to a deed of trust recorded on July 11, 1997. (Filing 1: Petition ¶ 1 & Ex. A.) Defendant Curtis State Bank claims an interest in the same property subject to a deed of trust recorded June 21, 1993. (Filing 1: Answer of Curtis State Bank ¶ 2.) If Defendants Concept Leasing and Curtis State Bank have a valid interest in the nine-acre tract in question, those interests are subsequent to the interest of the United States, which arose in 1991.

I find that there is no genuine issue of material fact as to the following: (1) the 1991 and 1995 mortgages are valid liens on the nine-acre tract in question and (2) whatever rights, titles, interests, claims or liens which plaintiff and the other defendants may have in the subject real estate are subsequent and inferior to the mortgage lien interest of the United States on the nine-acre tract in question. Accordingly, I will grant Defendant United States' motion for partial summary judgment.

IT IS ORDERED that

1. Plaintiff's motion for summary judgment (filing 31) is denied;

2. Defendant United States' motion for partial summary judgment (filing 37) is granted; and

3. All parties shall confer, and after they confer, Plaintiff shall advise the court whether, in light of this memorandum and order determining that the lien of the United States on the real estate proceeds is superior to that of the other two defendants, the parties wish to proceed with trial in North Platte in February or instead wish to submit the case upon stipulated facts (addressing all those material facts as to which I have noted there is a

genuine issue). Plaintiff shall so advise the court on or before January 14, 2000. If the parties notify the court they wish to submit the case upon stipulated facts, a further order establishing submission deadlines will be entered.