STEVE J. PURBAUGH AND RHONDA L. PURBAUGH, APPELLANTS, V.
GEAROLD H. JURGENSMEIER, APPELLEE.
483 N.W.2d 757

Filed May 15, 1992.    No. S-89-1236.

Robert R. Gibson, of Professional Legal Associates of Nebraska, P.C., for appellants.

Kenneth Dudek for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Steve J. and Rhonda L. Purbaugh, plaintiffs, appeal the order of the district court granting summary judgment to the defendant, Gearold H. Jurgensmeier, and dismissing the plaintiffs' petition. We reverse and remand with directions for further proceedings.

Jurgensmeier was personal representative of the estate of Mary Ann Bentzinger, deceased. On February 12, 1987, the Purbaughs and Jurgensmeier entered into a contract for the sale of land at 9500 South 56th Street, Lincoln, Nebraska. Jurgensmeier signed this contract and five subsequent addenda as "Gearold H. Jurgensmeier P.R." The contract nowhere indicates that the property involved was property of the Bentzinger estate.

The contract originally provided that the sale would be closed, and possession of the property delivered, "on or before

the 31st day of March, 1987." Later addenda postponed closing and transfer until July 12, 1987 (addendum of May 18, 1987), and February 12, 1988 (addendum of December 8, 1987). Apparently, the transaction was closed on May 16, 1988.

The deed offered by Jurgensmeier's agent and accepted by the Purbaughs at closing was headed "PERSONAL REPRESENTATIVE'S JOINT TENANCY DEED." It identified the grantor as "GEAROLD H. JURGENSMEIER, Personal Representative of the Estate of MARY ANN BENTZINGER[,] Deceased" and was signed "ESTATE OF Mary Ann Bentzinger DECEASED By Gearold H. Jurgensmeier [signature] Personal Representative."

As represented by exhibit "E," attached to defendant's answer, prior to closing Rhonda Purbaugh wrote a letter dated February 18, 1988, addressed to "Mr. Gerald Jergensmier [sic], Bentzinger Estate," stating that the condition of the well on the property "we are in [the] process of purchasing" was misrepresented by the defendant's agent, that a new well had to be dug, and that "[a]s owner, you are responsible for the debt incurred in drilling this new well."

The Purbaughs sued Jurgensmeier only in his personal capacity; the Bentzinger estate was not joined as a defendant by suing Jurgensmeier in his representative capacity. See Neb. Rev. Stat. § 30-2490 (Reissue 1989) ("[c]laims based on contracts entered into by a personal representative in his fiduciary capacity . . . may be asserted against the estate by proceeding against the personal representative in his fiduciary capacity").

The claims of Purbaughs' petition were that Jurgensmeier breached the land sale contract by failing to close the transaction on July 12, 1987, resulting in increased finance costs to the Purbaughs, and because on February 16, 1988, the pump and well stopped functioning. It was also alleged that the plaintiffs had taken possession of the property on or about April 10, 1987, pursuant to a memorandum agreement of that date, signed again by "Gearold H. Jurgensmeier P.R."

Neither party addressed, either in the trial court or on this appeal, the issue of whether the addendum signed by the parties extending the time of performance to February 12, 1988,

waived Purbaughs' cause of action as it related to Jurgensmeier's failure to perform on July 12, 1987.

The district court granted summary judgment in favor of Jurgensmeier, finding that "there are no genuine issues of material facts," that "Plaintiffs had notice that the defendant was acting in his capacity as Personal Representative," and that "[t]he contract to sell merged into the deed which contained the representative capacity of the defendant and the name of the estate of the seller," and *apparently* concluded that the defendant in his personal capacity was not the proper party in interest.

On appeal, the Purbaughs assign as error the court's finding that the plaintiffs had notice that Jurgensmeier was acting only in his representative capacity, its holding that the contract merged into the deed for the purpose of determining Jurgensmeier's personal liability, and its holding that the personal representative in his representative capacity was the proper party defendant.

In reviewing this case we are guided by the following principles:

> [S]ummary judgment is properly granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or as to the ultimate inferences deducible from such facts and that the moving party is entitled to judgment as a matter of law. . . . On appeal, it is this court's duty to review the evidence in a light most favorable to the party against whom the judgment was granted and give such party the benefit of all reasonable inferences deducible from the evidence.

(Citations omitted.) *Barelmann v. Fox*, 239 Neb. 771, 780-81, 478 N.W.2d 548, 555 (1992).

The Purbaughs' assignments of error, of course, combine to raise the single issue of whether the district court erred in its findings and order dismissing their petition. The trial court concluded that Jurgensmeier the individual could not be liable on the contract and that therefore he was an improper party to the litigation. This holding was based on findings that the Purbaughs had actual notice of Jurgensmeier's representative

capacity and of the identity of the estate, and that the deed—which Jurgensmeier signed as personal representative of the Bentzinger estate—merged with the contract. The materiality of these findings to the district court's holding is made clear by reference to § 30-2490(a), which defines the individual liability in contract of a personal representative. That section provides: "Unless otherwise provided in the contract, a personal representative is not individually liable on a contract properly entered into in his fiduciary capacity in the course of administration of the estate unless he fails to reveal his representative capacity and identify the estate in the contract."

However, if the district court was correct in its finding that the contract and the deed "merged" in such a way that Jurgensmeier's disclosures on the deed became part of the contract so as to satisfy § 30-2490(a), then the Purbaughs' earlier notice, if any, of Jurgensmeier's capacity and the identity of the estate is irrelevant. We examine that finding.

"Merger" does not serve to make the contract and the deed one document; it is merely a rule for the resolution of title disputes. " ' " '[U]pon the execution, delivery, and acceptance of an unambiguous deed, such being the final acts of the parties expressing the terms of their agreement with reference to the subject matter, all prior negotiations and agreements are deemed merged therein . . . .' " ' " *Newton v. Brown*, 222 Neb. 605, 616, 386 N.W.2d 424, 432 (1986). "[T]hereafter the deed regulates the rights and liabilities of the parties, and evidence of contemporaneous or antecedent agreements between the parties is inadmissible *to vary or contradict the terms of the deed*." (Emphasis supplied.) 77 Am. Jur. 2d *Vendor and Purchaser* § 290 at 448-49 (1975). The doctrine of merger "does not apply to those provisions of the antecedent contract which the parties do not intend to be incorporated in the deed, or which are not necessarily performed or satisfied by the execution and delivery of the stipulated conveyance." *Id.* § 291 at 450. For example, "[a] stipulation in a preliminary contract for the sale of real estate, to deliver a deed at a specified time upon a contingency fully performed, does not necessarily merge in a subsequently delivered and accepted deed." *Id.* at 451.

The doctrine of merger does not serve to make the contract and the deed one. Absent fraud or mistake, the deed controls as to the identity of the estate. *Newton v. Brown, supra.* Terms such as purchase price, interest, payments, and date of closing included within the contract of sale are normally not repeated in the deed and therefore are not merged with the deed instrument. The district court erred in holding that the merger of the contract into the deed in this case discharged Jurgensmeier's disclosure responsibilities under § 30-2490(a).

The parties have not furnished citations to cases, nor have we been able to find any cases, which address the issue of what disclosures suffice to satisfy § 30-2490(a) or the virtually identical provision of Unif. Probate Code § 3-808, 8 U.L.A. 373 (1983). However, the official comment to § 3-808 of the Uniform Probate Code directs courts in search of interpretive direction to the law governing the individual liability of corporate agents.

Corporate law, in turn, refers to the law of agency on this question. See *McGowan Grain v. Sanburg*, 225 Neb. 129, 403 N.W.2d 340 (1987). In *McGowan*, the court addressed the personal jurisdiction of the district court over an officer of an out-of-state corporation doing business in this state. In determining whether the officer was acting on behalf of the corporation in transactions within Nebraska, "[t]his court . . . recognized the general rule that an agent, acting for a disclosed principal, is not ordinarily liable for the principal's contract." *Id.* at 134, 403 N.W.2d at 345. This proposition is consonant with § 30-2490(a) as that statute regards a personal representative's individual liability, and is reflected in other Nebraska cases. *Cargill Leasing Corp. v. Mueller*, 214 Neb. 569, 572, 335 N.W.2d 277, 279 (1983) (" '[i]t is a fundamental rule that an agent who contracts on behalf of a disclosed principal, in the absence of some other agreement to the contrary or other circumstances showing that the agent has expressly or impliedly incurred or intended to incur personal responsibility, is not liable to the other contracting party' "); *Koperski v. Husker Dodge, Inc.*, 208 Neb. 29, 48, 302 N.W.2d 655, 665 (1981) (stating same proposition). See, also, 19 C.J.S. *Corporations* § 540 at 169 (1990) ("it is the agent's duty to

disclose his capacity as agent of a corporation if he is to escape personal liability for contracts made by him, and the agent bears the burden of proof of showing that he was purchasing in his corporate, not individual, capacity").

In corporate law,

> " 'The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal; without that, the party dealing with the agent may understand that he [the agent] intended to pledge his personal liability and responsibility in support of the contract and for its performance.' "

*West v. Federal Deposit Ins. Corp.*, 149 Ga. App. 342, 347-48, 254 S.E.2d 392, 397 (1979). This court addressed the sufficiency of disclosure of an agency relationship in *Department of Banking v. Davis*, 227 Neb. 172, 416 N.W.2d 566 (1987). In that case the Department of Banking, as receiver for Commonwealth Savings Company, sued the defendants to foreclose a real estate mortgage. The mortgage had originally been executed between the defendants and Nebraska Modular Homes, Inc., which had assigned the mortgage to Commonwealth. The defendants had fully paid Modular in satisfaction of the mortgage. This court held that the rubber-stamped statement "Assignment with Recourse" on the back of the original of the mortgage was insufficient notice to the defendants that Modular was contracting as an agent of Commonwealth. The situation in that case was the reverse of the situation we have here, but the principle is the same.

> "As a general rule, one who contracts with the agent of an undisclosed principal, supposing that the agent is the real party in interest, and not being chargeable with notice of the existence of the principal, is entitled, if sued by the principal on the contract, to set up any defenses and equities which he could have set up against the agent had the latter been in reality the principal suing on his own behalf."

*Id.* at 177, 416 N.W.2d at 569.

The initials "P.R." which Jurgensmeier added to his signature may have been sufficient to inform a layperson that

he or she was dealing with a personal representative, but there was nothing in the documents or dealings set forth in the record which would indicate what or whom Jurgensmeier represented. The initials are analogous to the rubber stamp in *Davis*. Jurgensmeier, as he concedes, did not fully disclose his capacity and the identity of the estate, as required by § 30-2490(a).

However, in corporate law, "express notice of the agent's status and the principal's identity is unnecessary if the circumstances surrounding the transaction demonstrate that the third person should be charged with notice of the relationship." *G. T.M. Carpet Co. v. Richards*, 534 So. 2d 539, 541 (La. App. 1988). Accord, Restatement (Second) of Agency § 4(1) at 17 (1958) ("[i]f, at the time of a transaction conducted by an agent, the other party thereto has notice that the agent is acting for a principal and of the principal's identity, the principal is a disclosed principal"); *id.* § 320 at 67 ("[u]nless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract"). Thus, if a party contracting with a personal representative has, at the time of contracting, notice of representative capacity and of the identity of the estate, the analogy to the law of corporations suggested by the official comment to § 30-2490 would absolve the personal representative of individual liability.

This case does not present such a situation. The district court's finding that the Purbaughs "had notice that the defendant was acting in his capacity as Personal Representative of the Estate of Mary Ann Bentzinger," upon which the court's order of dismissal was founded, is vague as to when such notice existed. The only evidence of the Purbaughs' notice is the deed and Rhonda Purbaugh's February 18, 1988, letter. This indicates that, at the earliest, the Purbaughs had notice of Jurgensmeier's status and the identity of the estate over 1 year after they signed the original contract. If the district court meant by its finding that the Purbaughs had notice after the signing of the contract, then that finding would not predicate the order dismissing the petition. If, on the other hand, the district court meant by its finding that the Purbaughs had notice at the time the contract was signed, then that finding is

unsupported by the record. The mere addition of the initials "P.R." to Jurgensmeier's signature would be, as a matter of law, insufficient to place the Purbaughs on notice. See *West v. Federal Deposit Ins. Corp.*, 149 Ga. App. at 347, 254 S.E.2d at 397 (" ' "[t]he disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal . . . ." ' ").

Therefore, there is a question of fact relating to the knowledge of the Purbaughs as to Jurgensmeier's capacity and the identity of the estate. This would be critical in ascertaining Jurgensmeier's liability, if any.

There is another issue which appears to lurk in the background as to the sufficiency of the petition to state a cause of action, which issue was not raised by the parties either in the trial court or in this court. However, it is an issue which the parties would be well advised to consider on trial of this matter.

The judgment of the district court is reversed, and the cause is remanded with directions for further proceedings in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.