Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/23/2018 12:11 AM CST

Thomas Grady Photography, Inc., appellee,
v. Amazing Vapor, Ltd., et al., appellees,
and Thomas J. Anderson, appellant.

___ N.W.2d ___

Filed October 26, 2018.    No. S-17-818.

1. **Appeal and Error.** Where no timely statement of errors is filed in an appeal from a county court to a district court, appellate review is limited to plain error.
2. **Corporations: Principal and Agent: Contracts: Liability: Proof.** It is the agent's duty to disclose his or her capacity as an agent of a corporation if the agent is to escape personal liability for contracts made, and in the absence of such disclosure, the agent bears the burden of proof of showing that the contract was made while acting in a corporate, not individual, capacity.
3. **Courts: Jurisdiction: Equity.** Save for county probate and trust powers and county courts' limited jurisdiction in granting temporary restraining orders, jurisdiction in equity actions remains in district courts.
4. **Courts: Jurisdiction: Equity: Statutes.** Although by statute, county courts have concurrent original jurisdiction with the district court in all civil actions of any type when the amount in controversy is below a certain amount, this does not include equity actions.
5. **Corporations: Equity.** Proceedings seeking to pierce the corporate veil are equitable actions.

Appeal from the District Court for Douglas County, GREGORY M. SCHATZ, Judge, on appeal thereto from the County Court for Douglas County, STEPHANIE R. HANSEN, Judge. Judgment of District Court affirmed.

Thomas J. Anderson, P.C., L.L.O., pro se.

Justin A. Roberts, of Lustgarten & Roberts, P.C., L.L.O., for appellee Thomas Grady Photography, Inc.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

The appellee, Thomas Grady Photography, Inc. (Grady Photography), sued Amazing Vapor, Ltd.; MCJC Companies, Inc. (MCJC); Manuel Guillermo Calderon; and Thomas J. Anderson for breach of contract for failing to pay on two oral contracts for photography services. Although Calderon and Anderson were directors of Amazing Vapor, in this appeal, Anderson is the sole appellant and appears in his individual capacity and is self-represented. The county court for Douglas County entered a default judgment in favor of Grady Photography against Amazing Vapor, MCJC, and Calderon. Thereafter, the county court held a trial solely on the contract issue and whether Anderson was individually liable for the debt. On February 7, 2017, the county court found that Anderson owed Grady Photography $2,400 under two oral contracts. Anderson appealed to the district court for Douglas County, which affirmed the county court's order. On appeal from the district court, Anderson contends for a variety of reasons that the district court erred when it affirmed the county court's order finding him liable. We affirm.

## STATEMENT OF FACTS

In March 2014, Calderon and Anderson formed a corporation named "Amazing Vapor, Ltd.," and registered it in the State of Nebraska. The business wholesaled e-cigarette hardware, supplies, and liquids. The county court found that Grady Photography entered into two oral contracts during the spring of 2014 for promotional photography of these products, that Grady Photography was not paid for the work

- 403 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
THOMAS GRADY PHOTOGRAPHY v. AMAZING VAPOR
Cite as 301 Neb. 401

performed, and that Anderson received distributions from Amazing Vapor during the period Grady Photography was owed money. Amazing Vapor stopped operating in August or September 2014, all of its assets were liquidated or removed from the corporate entity, and the corporation was ultimately dissolved.

The evidence supports the following facts: Anderson, a practicing business attorney, and Thomas Grady, a commercial photographer, met through a business networking group 2 or 3 years before the events giving rise to this case. Grady testified that sometime in the spring of 2014, Anderson approached Grady to hire him to photograph electronic vapor products. Grady orally agreed to work for one full day and explained that the rates for his photography services were $800 per day. Grady testified that he knew Anderson was the owner of a "vape business" or had a partner, which made him "part-owner." In a text message to Grady dated March 22, 2014, Anderson referred to Calderon as his "partner." There was evidence which the county court believed to the effect that Anderson did not inform Grady of the corporate status of Amazing Vapor.

Grady completed photography work in March 2014, and the files were received by Calderon and Anderson and ultimately utilized for promotional purposes. Grady testified that there was a strict deadline on the photographs, because Calderon and Anderson needed to use them in a trade show. Calderon and Anderson liked the work and, the next day, brought more products to Grady's house for him to photograph. Both Calderon and Anderson were present during the second photography session. Grady testified that between the two sets of products, he worked 3 days. Therefore, as discussed, he invoiced Calderon and Anderson on March 27, 2014, at his rate of $800 per day, for a total of $2,400 for the two photography jobs.

The invoice was unpaid in its entirety. After receiving the invoice, Anderson attempted to negotiate a reduction in the

- 404 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
THOMAS GRADY PHOTOGRAPHY v. AMAZING VAPOR
Cite as 301 Neb. 401

price. Anderson offered to pay $1,800 on the promise of other work for Grady Photography in the future. Grady declined, stating that he would rather give a discount for future work and get paid what he was owed. Grady made numerous attempts to settle the invoice with Calderon and Anderson before ultimately filing suit in the county court for Douglas County.

Grady Photography initiated a breach of contract action against Amazing Vapor, MCJC, Calderon, and Anderson. Grady Photography alleged that it had not received payment due and owing from the named defendants after it fully performed its obligations under the two oral contracts for photography services. Grady Photography obtained a default judgment of $2,400, attorney fees, and court costs against Amazing Vapor, MCJC, and Calderon. Anderson, representing himself individually, filed an answer which denied the allegations against him. He further alleged that he was a minority owner of Amazing Vapor and that "Calderon closed the business, took the inventory and started his own business at an undisclosed location."

Following an unsuccessful motion to dismiss filed by Anderson, the case went to a bench trial on November 21, 2016. The subjects of the trial were contract issues and whether Anderson was personally liable for the debt. On February 7, 2017, the county court filed an order in which it found the existence of two oral contracts which had been breached and entered judgment in favor of Grady Photography and against Anderson, individually. The county court offered several rationales pursuant to which Anderson was found personally liable under the contracts. Using the language of the equitable principles surrounding "piercing the corporate veil," see *Christian v. Smith*, 276 Neb. 867, 759 N.W.2d 447 (2008) (noting piercing corporate veil is equitable principle), the county court stated: "Anderson shall be held personally liable in order to prevent fraud and injustice." The county court further noted that Anderson had taken

- 405 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
THOMAS GRADY PHOTOGRAPHY v. AMAZING VAPOR
Cite as 301 Neb. 401

corporate distributions during the time that money was owed to Grady Photography, see Neb. Rev. Stat. § 21-252(c) (Cum. Supp. 2016).

Anderson appealed the county court's decision to the district court. Anderson failed to file a statement of errors. See Neb. Ct. R. §§ 6-1452(A)(7) (rev. 2011) and 6-1518. The district court decided to ignore Anderson's failure to file a statement of errors. The district court concluded that the county court did not err in its decision that Anderson should be personally liable under the contracts, because (1) Grady believed he was contracting with Calderon and Anderson and, alternately, (2) piercing the corporate veil would prevent fraud and injustice to Grady Photography.

Anderson appeals the order of the district court sitting as an appellate court which affirmed the county court's order concluding Anderson was personally liable to Grady Photography.

## STANDARD OF REVIEW

[1] Where no timely statement of errors is filed in an appeal from a county court to a district court, appellate review is limited to plain error. *State v. Nielsen, ante* p. 88, 917 N.W.2d 159 (2018); §§ 6-1452(A)(7) and 6-1518.

## ANALYSIS

We note initially that the failure of Anderson to file a statement of errors in his appeal from the county court to the district court limited the district court's and our review to plain error. *State v. Nielsen, supra*. For the reasons discussed below, we do not find plain error by the district court sitting as an appellate court with regard to its order which affirmed the county court's decision finding Anderson liable under a breach of contract theory.

This case was filed as a breach of contract action. We have reviewed the record and determined that the record supports the finding of two oral contracts between Grady and Anderson. As the district court stated, the record showed that "[Grady

- 406 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
THOMAS GRADY PHOTOGRAPHY v. AMAZING VAPOR
Cite as 301 Neb. 401

Photography] had made [its] initial agreement with Defendant Anderson, and had the right to rely on Defendant Anderson's personal liability, as well as that of his partner, for services provided by [Grady Photography]."

[2] The cases provide that it is the agent's duty to disclose his or her capacity as an agent of a corporation if the agent is to escape personal liability for contracts made, and in the absence of such disclosure, the agent bears the burden of proof of showing that the contract was made while acting in a corporate, not individual, capacity. See, *Purbaugh v. Jurgensmeier*, 240 Neb. 679, 483 N.W.2d 757 (1992); 3 C.J.S. *Agency* § 565 (2013). The uncontradicted testimony at trial was that neither Calderon nor Anderson disclosed Amazing Vapor's incorporated status during discussions leading up to the agreements. In text messages, Anderson referred to Calderon as his "partner." At Anderson's request, Grady sent the March 27, 2014, invoice to Anderson's personal or attorney email, not an address associated with Amazing Vapor. The invoice reads, "Art Buyer: Tom Anderson & Manny Calderon Client: Amazing Vapor," indicating that Grady believed the buyers were Calderon and Anderson for their client, Amazing Vapor. After the invoice remained unpaid after several attempts to collect on the contract, Grady texted Anderson: "You are also part owner. It's time for you to pay and take it up with [Calderon] on your own. . . . [Y]ou are responsible for hiring me . . . and therefore you are responsible just as much as [Calderon]." The series of communications between Grady and Anderson leading up to and following the photography services supports the county court's finding of a breach of two oral agreements for which Anderson was liable, and we find no plain error with regard to the district court's affirmance thereof.

[3-5] For completeness, we note that our analysis is based on contract jurisprudence, and to the extent the lower courts' reasoning was based on equitable principles, it is disapproved.

Within its reasoning, the county court relied on an equitable principle of piercing the corporate veil. But, the county court did not have equity jurisdiction. Save for county probate and trust powers and county courts' limited jurisdiction in granting temporary restraining orders, jurisdiction in equity actions remains in district courts. Although by statute, county courts have "[c]oncurrent original jurisdiction with the district court in all civil actions of any type" when the amount in controversy is below a certain amount, this does not include equity actions. Neb. Rev. Stat. § 24-517(5) (Reissue 2016). See, Neb. Rev. Stat. § 30-3814 (Reissue 2016); *Iodence v. Potmesil*, 239 Neb. 387, 476 N.W.2d 554 (1991) (discussing predecessor statute). As noted, proceedings seeking to pierce the corporate veil are equitable actions. *Christian v. Smith*, 276 Neb. 867, 759 N.W.2d 447 (2008). Thus, the county court lacked authority to consider equitable theories of recovery based on piercing the corporate veil and the district court incorrectly approved of the county court's approach.

## CONCLUSION

Although our reasoning differs somewhat from the lower courts, we find no plain error in the determination and affirmance thereof in which it was found that two oral contracts had been breached by Anderson and held him individually liable for $2,400 in damages.

AFFIRMED.