Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/21/2018 08:08 AM CST

- 929 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
THOMAS GRADY PHOTOGRAPHY v. AMAZING VAPOR
Cite as 301 Neb. 929

Thomas Grady Photography, Inc., appellee,
v. Amazing Vapor, Ltd., et al., appellees,
and Thomas J. Anderson, appellant.

___ N.W.2d ___

Filed December 21, 2018.    No. S-17-818.

SUPPLEMENTAL OPINION

Appeal from the District Court for Douglas County, Gregory M. Schatz, Judge, on appeal thereto from the County Court for Douglas County, Stephanie R. Hansen, Judge. Supplemental opinion: Motion of appellee for attorney fees sustained.

Thomas J. Anderson, P.C., L.L.O., pro se.

Justin A. Roberts, of Lustgarten & Roberts, P.C., L.L.O., for appellee Thomas Grady Photography, Inc.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

Appellee, Thomas Grady Photography, Inc. (Grady Photography), has moved under Neb. Ct. R. App. P. § 2-106 (rev. 2012) for attorney fees associated with the unsuccessful appeal to this court by appellant, Thomas J. Anderson. An affidavit and itemized legal bill claims $6,866 in attorney fees for work performed by Grady Photography's attorney in connection with this appeal. Because Grady Photography is entitled to appellate attorney fees under Neb. Rev. Stat. § 25-1801

- 930 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
THOMAS GRADY PHOTOGRAPHY v. AMAZING VAPOR
Cite as 301 Neb. 929

(Reissue 2016), as amended by 2018 Neb. Laws, L.B. 710, we award Grady Photography $6,866.

As recited more fully in our opinion *Thomas Grady Photography v. Amazing Vapor, ante* p. 401, 918 N.W.2d 853 (2018), Grady Photography was hired to perform photography services related to the products of Amazing Vapor, Ltd. Amazing Vapor, Manuel Guillermo Calderon, and Anderson refused to pay for the services. The unpaid bill for photography services rendered totaled $2,400. The county court at trial and the district court on appeal essentially found that Anderson breached the oral contracts for Grady Photography's services. We affirmed. *Id.*

As a general rule, attorney fees and expenses are recoverable only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees. *In re Estate of Graham, ante* p. 594, 919 N.W.2d 714 (2018). Section 25-1801 applies to this case where there has been an unpaid claim for payment for photography services of $2,400. Section 25-1801, as amended, provides in part:

(1) *On any lawsuit of four thousand dollars or less*, regardless of whether the claims are liquidated or assigned, *the plaintiff may recover costs, interest, and attorney's fees in connection with each claim as provided in this section*. If, at the expiration of ninety days after each claim accrued, the claim or claims have not been paid or satisfied, the plaintiff may file a lawsuit for payment of the claim or claims. If full payment of each claim is made to the plaintiff by or on behalf of the defendant after the filing of the lawsuit, but before judgment is taken, except as otherwise agreed in writing by the plaintiff, the plaintiff shall be entitled to receive the costs of the lawsuit whether by voluntary payment or judgment. If the plaintiff secures a judgment thereon, the plaintiff shall be entitled to recover:

- 931 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
THOMAS GRADY PHOTOGRAPHY v. AMAZING VAPOR
Cite as 301 Neb. 929

(a) The full amount of such judgment and all costs of the lawsuit thereon;

(b) Interest at the rate of six percent per annum. Such interest shall apply to the amount of the total claim beginning thirty days after the date each claim accrued, regardless of assignment, until paid in full; and

(c) If the plaintiff has an attorney retained, employed, or otherwise working in connection with the case, an amount for attorney's fees as provided in this section.

(2) *If the cause is taken to an appellate court and the plaintiff recovers a judgment thereon, the appellate court shall tax as costs in the action, to be paid to the plaintiff, an additional amount for attorney's fees in such appellate court as provided in this section*, except that if the plaintiff fails to recover a judgment in excess of the amount that may have been tendered by the defendant, then the plaintiff shall not recover the attorney's fees provided by this section.

(3) *Attorney's fees shall be assessed by the court in a reasonable amount, but shall in no event be less than ten dollars when the judgment is fifty dollars or less*, *and when the judgment is over fifty dollars up to four thousand dollars, the attorney's fee shall be ten dollars plus ten percent of the judgment in excess of fifty dollars*.

(4) For purposes of this section, the date that each claim accrued means the date the services, goods, materials, labor, or money were provided, or the date the charges were incurred by the debtor, unless some different time period is expressly set forth in a written agreement between the parties.

(Emphasis supplied.)

We have described the foregoing section as follows:

[This] section provides that a claimant with a claim amounting to less than $4,000 for, among other things, services rendered, may present that claim to the allegedly

- 932 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
THOMAS GRADY PHOTOGRAPHY v. AMAZING VAPOR
Cite as 301 Neb. 929

liable party and then, if the claim is not paid within 90 days, sue for the amount of the original claim and additional costs, interest, and attorney fees.

*Thomas & Thomas Court Reporters v. Switzer*, 283 Neb. 19, 29, 810 N.W.2d 677, 686 (2012).

Given the terms of § 25-1801 and the facts of this case, we determine that the appellate attorney fees incurred by Grady Photography of $6,866 are reasonable. This court sustains Grady Photography's motion and awards Grady Photography attorney fees of $6,866 to be paid by Anderson.

MOTION OF APPELLEE FOR
ATTORNEY FEES SUSTAINED.